# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

ALVAN C. MOORE                                                                                     PLAINTIFF

v.                                             CIVIL ACTION NO. 4:10CV-67-M

COMMONWEALTH OF KENTUCKY                                  DEFENDANT

## MEMORANDUM OPINION

Because Plaintiff is proceeding *in forma pauperis*, the Court must initially review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

## I.

As the complaint is not a model of clarity and is difficult to follow, the Court has quoted many portions of the complaint. As grounds for filing this case in federal court, Plaintiff states,

> Defendant caused injury to Plaintiff and Defendant continues to further injure Plaintiff by conducting and orchestrating a, (convinous) on going civil/criminal/commercial fraud, which constitute(s) a direct violation to Federal Law found written at Title 18 U.S.C. § 1001 and a trespass on United States Constitutional protections written and guaranteed at Article I Section 10, Article VII Amendments IV, V, including trespass on Plaintiff's "Bill of Rights" protection, (Article VI, VII) which is the grounds/foundation for Plaintiff to petition this Federal jurisdiction for civil action under U.S.C. § Title 42 § 1986, 1985 paragraph (3) and 1983.

Within the body of the complaint, Plaintiff additionally references 28 U.S.C. § 3002(15); 18 U.S.C. §§ 241, 242, 872, 1001, and 1501; and UCC 1-103 at KRS § 355.1-103.

As Plaintiff's statement of claim, he reports that on March 11, 2010, around 9 a.m., the Commonwealth of Kentucky "with its elected and incorporated agent(s)/individual(s) . . . known as Claud Porter, Misty Miller, Heather Blackburn and David Charles Payne did commit and continue to collaborate . . . to engage in [fraud in the inducement] fraud" (alternation in original).

He claims that the Commonwealth and its agents "covertly schemed to persuade Plaintiff to enter into an undisclosed contract [conflict of interest], concealed within a constructive fraud" (alteration in original). He claims that the fraud was committed when the Commonwealth's employees "allowed Plaintiff to enter into a de facto oral contract with a liberty interest at stake without full disclosure of pertinent facts."

Plaintiff also contends that the Commonwealth and its agents have "caused commercial dishonor against Plaintiff, by orchestrating a fraud while engaged in commerce, [commercial activity by generating **Chattel Paper** without disclosure to Plaintiff] to the detriment of Plaintiff" (alteration and emphasis in original).

Finally, Plaintiff alleges that agents of the Commonwealth "were served full disclosure by/under Daviess County Clerk Certification seal, with valid, wet ink signature on lawful binding documents . . . served via U.S. Certified Mail, making Defendant's agent(s) aware of plaintiff's position/foundation" and that the Commonwealth and its agents have "defaulted by their failure to acknowledge or respond to Plaintiff's documented disclosure demands and continue to this day to engage in fraud by doing so." He states that there is an "ongoing willful intent to deceive, manipulate, trespass, and usurp on Plaintiff's secured property, after documented warnings" and that he was "tricked, . . . coerced or forced by extortion into a **[*de facto*]** contract with the Defendant under threat of arrest (unlawful seizure of Plaintiff's liberty) when the underling factor is civil/commercial/criminal **fraud**" (alteration and emphasis in original).

As relief, Plaintiff seeks judgment in the amount of his actual damages plus interest and costs. He additionally wants the Court:

> to order the DEFENDANT/COMMONWEALTH OF KENTUCKY and all its agent(s) to cease and desist any and all fraudulent/unauthorized use of/to Plaintiff's secured (private) property, including all bonds tangible or intangible, abstract (legal fiction) or otherwise bearing/displaying the private UCC recorded organization (en legis) trust [DEBTOR] corporation title ALVAN CHARLES MOORE©, and to order the DEFENDANT to adhere to the fact that the individual plaintiff in this cause is not a bonded comingled surety for the debtor corporation ALVAN CHARLES MOORE© but a private American citizen with vested security interest in property [in accord with private security agreement disclosed to Secretary of Treasury 1500 Pennsylvania Avenue on June 5, 2006].

(alteration and emphasis in original).

## II.

Upon initial review under § 1915(e)(2) and *McGore*, 114 F.3d at 608-09, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The screening must occur even before process is served." *McGore*, 114 F.3d at 608-09.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and

3

(2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

**A.    Eleventh Amendment**

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting §§ 1983 and 1985, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *McCrary v. Ohio Dep't Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at * 2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). Therefore, Plaintiff's claims under §§ 1983 and 1985 are barred by the Eleventh Amendment.

---

[1]Under the Eleventh Amendment to the United States Constitution, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

B.  **42 U.S.C. § 1983**

Alternatively, Plaintiff fails to state a § 1983 claim against the Commonwealth of Kentucky. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiff alleges federal constitutional violations of Article I, Section 10; Article VII; and Amendments IV and V. However, "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). The § 1983 constitutional claims against the Commonwealth of Kentucky must be dismissed for failure to state a claim upon which relief may be granted.

C.  **42 U.S.C. § 1985(3)**

To state a conspiracy claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of C & J v. Scott*, 463 U.S. 825, 828-29 (1983)). A plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff does not allege that the purported conspiracy was motivated by any racial or other class-based animus. Thus, the complaint does not state a cause of action under § 1985(3), and that claim will be dismissed.

**D.    42 U.S.C. § 1986**

A cause of action under § 1986 is based on the violation of § 1985. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). As this Court has already concluded that there is no violation under § 1985, the § 1986 claim fails and must be dismissed.

**E.    28 U.S.C. § 3002(15)**

Plaintiff references this statute in the body of his complaint. Section 3002 is the "Definitions" section of the Federal Debt Collection Procedures Act, which "provides the exclusive civil procedures for the United States--(1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim." 28 U.S.C. § 3001. Under § 3002(15), to which Plaintiff cites, "'United States' means–(A) a Federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States." As Plaintiff has not shown how this statute has any applicability to his claims, any claims under 28 U.S.C. § 3002(15) must be dismissed.

**F.    Criminal statutes**

Plaintiff alleges a violation of 18 U.S.C. §§ 241, 242, 872, 1001, and 1501.[2] These are criminal statutes, however, which do not provide for a private right of action. *See United States*

---

[2] Sections 241 and 242 criminalize certain deprivations of civil rights and conspiracy to deprive rights; § 872 makes extortion by officers or employees of the United States a federal offense; § 1001 provides a criminal penalty for making false statements to a department or an agency of the United States; and § 1501 criminalizes interference with a process server.

*v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) ("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 and conspiracy under 18 U.S.C. § 241 are also barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants."); *Brewster v. Cooper Industries, Inc.*, No. 05-CV-482KKC, 2005 WL 2403734, at *6 (E.D. Ky. Sept. 28, 2005) (concluding that "18 U.S.C. § 1501 does not create a private right of action for damages, but may be enforced only by the Department of Justice"); *Gipson v. Callahan*, 18 F. Supp. 2d 662 (W.D. Tex. 1997) (finding no private cause of action under 18 U.S.C. § 872). Accordingly, Plaintiff has failed to state a claim for relief under any of the criminal statutes cited in his complaint warranting their dismissal.

**G.     State-law claims**

Plaintiff finally alleges various violations of the Uniform Commercial Code as set out in Ky. Rev. Stats. §§ 355.1-101 *et seq.*

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

On the civil cover sheet, Plaintiff indicates that jurisdiction is based on diversity of citizenship. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Although Plaintiff alleges the amount-in-controversy, he fails to meet the diversity-of-citizenship requirement. Consequently, Plaintiff also fails to demonstrate diversity jurisdiction.

For these reasons, the state-law claims will be dismissed without prejudice.

The Court will enter a separate Order dismissing the instant action.

Date:

cc: Plaintiff, *pro se*
Kentucky Attorney General
4414.005